### H. F. CHEATHAM *v.* JOSH CHEATHAM.

**Executors and Administrators—Fiduciary Liability—Bankruptcy.**

> A writing executed by an administrator stating that there is due a certain person as his share of the estate $200 "to be paid," which was signed by the administrator, was properly treated as evidence of a fiduciary liability, which was not affected by proceedings in bankruptcy by the administrator individually.

APPEAL FROM FULTON CIRCUIT COURT.

February 12, 1873.

OPINION BY JUDGE LINDSAY:

Appellant admits in his answer that the two hundred dollars mentioned in the paper exhibited with appellee's petition was an amount due him as one of the distributees of appellant's estate. He claims that the due bill was accepted in satisfaction of his claim against him as administrator, insists that it is his personal undertaking and pleads his discharge in bankruptcy in bar. The writing is not a note or covenant, nor a direct undertaking of any kind. It merely states the fact that there was at the time of its execution,

due to appellee as his share of the estate of Mary B. Cheatham, deceased, two hundred dollars, "to be paid." To this statement appellant, the administrator, attached his name. He does not agree to pay the amount out of his individual funds. Nor is there anything in the writing from which it can be inferred that appellee intended by its acceptance to release the sureties in appellant's bond from their responsibility to him.

We are of opinion that the court below properly treated this memorandum as the evidence of a fiducial liability, not affected by the judgment in the court of bankruptcy.

Judgment *affirmed*.

*T. O. Goalder, for appellant.*

*Randle & Tyler, for appellee.*